UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Detrick Lockridge,

    Plaintiff,

v.

Per Mar Security & Research Corp.,

    Defendant.

**MEMORANDUM OF LAW & ORDER**
Civil No. 12-2894 (MJD/JJK)

_____

    Plaintiff, *pro se*.

    James B. Sherman and Chad A. Staul, Wessels Sherman Joerg Liszka Laverty Seneczko P.C., Counsel for Defendant.

_____

This matter is before the Court on Plaintiff's motion for Disallowance of Cost Judgment. [Doc. No. 90]

## I.  Background

By Order dated September 15, 2014, this Court granted Defendant's motion for summary judgment, and directed that judgment be entered in Defendant's favor on all of Plaintiff's claims.

Thereafter, Defendant filed a Bill of Costs with the clerk, seeking payment of deposition transcript fees used to defend against Plaintiff's claims totaling

$13,095.45. On December 8, 2014, a cost judgment was entered against Plaintiff in the amount claimed: $13,095.45.

Although Plaintiff did not file an objection to the Bill of Costs prior to the entry of the cost judgment, Local Rule 54.3(c)(A) provides that within 14 days after the clerk taxes costs, a party may file and serve a motion and supporting documents for review of the clerk's action. Plaintiff filed this motion on December 22, 2014, therefore the motion is timely.

## II.   Discussion

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, costs, other than attorney's fees, may be allowed to the prevailing party. The district court has substantial discretion in awarding costs to a prevailing party. Greaser v. State, Dept. of Corrections, 145 F.3d 949, 985 (8th Cir. 1998).

Plaintiff first claims that costs should be disallowed because the case was closed at the time the cost judgment was entered, and because there is an appeal pending. These are not proper bases for challenging a cost judgment, however. The Local Rules for the District of Minnesota provide that a Bill of Costs must be filed within 30 days after judgment is entered. LR 54.3(c)(1)(A). Filing a notice of appeal does not affect the time lines set forth in the Local Rules. See Blakley v.

Schlumberger Tech. Corp., 648 F.3d 921, 930 (8th Cir. 2011).

Plaintiff also challenges transcript fees for depositions taken in other cases. Defendant argues that as these depositions were used to defend claims in this case, the transcript fees are taxable in this case.

The Court recognizes that generally, transcription fees for depositions are the types of costs permitted by law. Id. (citing 28 U.S.C. § 1920). Here, however, allowing costs for deposition transcripts procured in a separate case raises a number of concerns for the Court. The first concern is the possibility that a defendant could seek double recovery for such fees. On the record before it, Defendant has not provided the Court any assurance that such costs were not claimed in other cases.

In addition, a deposition taken in another case will necessarily address claims that are not present in this case. A prevailing party should not recover costs for defending against completely separate claims. On this record, the Court cannot conclude that the entirety of the depositions procured in separate cases were reasonably necessary this litigation.

Accordingly, the Court has reviewed the Defendant's Bill of Costs, and will disallow any amounts claimed for deposition transcripts procured in a case other

than this case.  Specifically, the Court will disallow costs claimed in Exhibits 2, 3, 4, 5, 6, 8 and 9 - totaling $10,290.13.

IT IS HEREBY ORDERED that Plaintiff's Motion for Disallowance of Costs [Doc. No. 90] is GRANTED.  The Cost Judgment entered on December 8, 2014 [Doc. No. 89] is hereby amended as follows: costs are taxed against Plaintiff, Detrick Lockridge, in the amount of $2,805.32.

Date:   March 4, 2015

s/ Michael J. Davis
Michael J. Davis
Chief Judge
United States District Court
